# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD W. REYNOLDS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00069-PLM-PJG |
| | ) | |
| GREG TALBERG, et al., | ) | Hon. Paul L. Maloney |
| | ) | |
| Defendants, | ) | **ORAL ARGUMENT** |
| | ) | **REQUESTED** |
| STAND WITH TRANS, a Michigan | ) | |
| Corporation, and WILLIAMSTON HIGH | ) | |
| SCHOOL GAY-STRAIGHT ALLIANCE, | ) | |
| an unincorporated association, | ) | |
| | ) | |
| Proposed Defendant-Intervenors. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF PROPOSED INTERVENORS STAND WITH TRANS AND
WILLIAMSTON HIGH SCHOOL GAY-STRAIGHT ALLIANCE'S MOTION
TO INTERVENE AS DEFENDANTS PURSUANT TO FED. R. CIV. P. 24(B)**

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

III.  ARGUMENT ............................................................................................................... 4

    A.  Movants' Defenses Share Common Questions of Law and Fact with the
Main Action. .................................................................................................. 4

    B.  Movants' Motion is Timely, and Intervention Would Not Prejudice or
Delay the Rights of Existing Parties. ........................................................... 5

IV.  CONCLUSION ............................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Hertel v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12-CV-174, 2012 U.S. Dist.
  LEXIS 178582, 2012 WL 6596142 (W.D. Mich. Dec. 18, 2012)............................................4

*Ohio State Conference of the NAACP v. Husted*, 588 F. App'x 488 (6th Cir. 2014).....................4

*In re Telectronics Pacing Sys.*, 221 F.3d 870 (6th Cir. 2000) ........................................................6

*United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265 (E.D. Mich. 1997) ............................4

*Usery v. Brandel*, 87 F.R.D. 670 (W.D. Mich. 1980).................................................................5, 6

OTHER AUTHORITIES

Fed. R. Civ. P. 5.2(a)(3).................................................................................................................3

Fed. R. Civ. P. 24............................................................................................................1, 2, 4, 5, 6, 7

United States Constitution ..............................................................................................................1

## CONCISE STATEMENT OF REASONS
## SUPPORTING MOVANTS' POSITION

Movants Stand with Trans and the Williamston High School Gay-Straight Alliance are non-profit organizations focused on advocating for and empowering LGBT youth. The anti-discrimination and anti-bullying policies enacted by the Defendants provide critical protections to Movants' members – protections that Plaintiffs seek to strip away. Movants meet the standard for permissive intervention because their motion is timely, their defenses of Defendants' policies share common issues of fact and law with the main action, and their intervention at this early stage of the case will cause no prejudice or delay. In addition, the existing Defendants concur with the relief requested by Movants.

## I.    INTRODUCTION

The plaintiffs in this case have sued the Williamston Community School District (the "District") and various school board members, alleging that the District's 2017 policies, which were implemented to better protect lesbian, gay, bisexual and transgender ("LGBT") students in Williamston Community Schools from bullying, harassment and discrimination, as well as practices of the District consistent with those policies, violate their rights under the United States Constitution and other federal and state laws.  In practical effect, the relief sought by the Plaintiffs would strip LGBT students of the protections of the District policies and practices, putting them at risk of serious harm, and would prohibit transgender students from using school facilities and programs consistent with their gender identity in violation of the Constitution, Title IX, and Michigan state law.

Proposed Intervenors Stand with Trans and the Williamston High School Gay-Straight Alliance (the "GSA" and, together with Stand with Trans, "Movants") are organizations that advocate for and empower LGBT youth. Movants request leave to intervene pursuant to Fed. R. Civ. P. 24(b)(1) to ensure that the interests of LGBT students in the District are protected. The policies and practices at issue in this lawsuit directly and personally affect Movants' members; if Movants' motion is granted, Movants will defend the legality of the District's policies, which are critical to the establishment of a safe and supportive school environment for LGBT youth, as well as the District's actions in compliance with those policies. Permissive intervention is appropriate because Movants' defense presents questions of law and fact in common with the main action, as it relates directly to the legality of the District's policies that Plaintiffs challenge. Furthermore, the motion is timely, and will not unduly delay or prejudice the adjudication of the rights of the original parties.

## II.    FACTUAL BACKGROUND

In October and November, 2017, the Williamston Community School District added several categories of protection to its existing non-discrimination policies to which Plaintiffs object. These include: "sexual orientation" to Policy 4900, Fair Employment Clause (Compl. Exhibit A); and "sexual orientation, gender identity, gender expression" to Policy 7500, Guidance Program (Compl. Exhibit B), Policy 8010, Equal Education Opportunity (Compl. Exhibit C), Policy 8040, School Admissions (Compl. Exhibit E), Policy 8260-R, Bullying (Compl. Exhibit F), and Policy 8720, Student Organizations (Compl. Exhibit G).

On November 6, 2017, the District adopted Policy 8011 on Gender Identity, which provides that "Williamston Community Schools fosters an educational environment for all students that is safe, welcoming, and free from stigma and discrimination, regardless of sex, sexual orientation, gender identity, or gender expression." (Compl. Exhibit D). The policy provides that the District shall "accept the gender identity" that each student asserts, once the student or their guardian notifies the school, and that the District will "customize support" to allow equal access to educational programs and opportunities. *Id.*

Based on the allegations in the Complaint, Plaintiff A.B. is a student in the Williamston Community School District, and Plaintiffs Monica Shafer and Christopher Johnecheck are parents of students in the District. Compl. ¶¶ 10-12. Plaintiffs Edward and Erin Reynolds are parents of children who are no longer enrolled in the District. Compl. ¶ 9. They object to various policies passed by the school board in October and November 2017 that protect LGBT students as well as District practices in accord with these policies.

On January 19, 2018, Plaintiffs brought this action against the District and members of the school board challenging the District's non-discrimination policies as violations of the Constitution, federal, and state law. Plaintiffs ask the Court to enjoin the District from enforcing

its non-discrimination policies and to declare that the policies and District compliance with those policies infringe on Plaintiffs' constitutional rights.

Movant Stand with Trans is a non-profit organization in Michigan whose mission is to support and empower transgender youth. *See* Ex. A, Keith Declaration, ¶¶ 3, 8. Stand with Trans works with students and families throughout Michigan to ensure transgender students have safe, non-discriminatory environments in which to go to school. *Id.*, ¶¶ 9-13. Nicole Ellefson, the Facilitator of the Lansing Stand with Trans support group, advocated for the specific policies in Williamston challenged by Plaintiffs in this case. Ex. B, Ellefson Declaration, ¶¶ 2, 7.

Movant GSA is a student-run organization that was founded in 2014 by students at Williamston High School. Ex. C, L.B. Declaration, ¶ 3.[1] Many of the Williamston High School students who are members of the GSA identify as LGBT. *Id.*, ¶ 6. The GSA's mission is to build a safe and supportive environment for LGBT students at Williamston High School. *Id.*, ¶ 4. In furtherance of that mission, the GSA has advocated for anti-discrimination protections for LGBT students. *Id.*, ¶ 13.

The members of Stand with Trans and the GSA have directly experienced the need for policies like the ones implemented in Williamston. As L.B., the president of the GSA and a current student at Williamston High School, attests: "At all schools, including Williamston High School, there is a high risk that LGBT students will be subject to stigma because of who they are. Many of us in the GSA have experienced harassment, bullying, slurs, and taunting by our peers." *Id.*, ¶ 10.

---

[1]In accordance with Fed. R. Civ. P. 5.2(a)(3), this brief uses the declarant's initials, and a redacted version of L.B.'s declaration is being filed with the court.  The original declaration is on file with GSA's counsel.

## III.    ARGUMENT

"For permissive intervention under Rule 24(b), 'the court may permit anyone to intervene who' files a 'timely motion' and 'has a claim or defense that shares with the main action a common question of law or fact,' provided 'the court . . . consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Ohio State Conference of the NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (quoting Fed. R. Civ. P. 24(b)). This Court has explained that "Rule 24(b) is to be construed liberally, with doubt resolved in favor of permitting intervention." *Hertel v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12-CV-174, 2012 U.S. Dist. LEXIS 178582, at *11, 2012 WL 6596142, at *4  (W.D. Mich. Dec. 18, 2012) (citing *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 (E.D. Mich. 1997)).

As discussed below, Movants clearly meet the standard for permissive intervention.

### A.    Movants' Defenses Share Common Questions of Law and Fact with the Main Action.

Where parties have a substantial interest in litigation, it follows that the "defenses they aim to present will share common questions of fact and law with the main action." *Hertel*, 2012 U.S. Dist. LEXIS 178582, at *11, 2012 WL 6596142, at *4. In this case, there can be no question that Movants have a substantial interest in the litigation. Plaintiffs are seeking to invalidate policies that were formulated to protect the students that Movants represent and serve from bullying, harassment and discrimination and enjoin District practices in compliance with those policies. Movants will defend the District's policies and practices, necessarily presenting common questions of fact and law with the main action.

Moreover, the devastating personal impact that the outcome of this lawsuit could have on Movants' members militates in favor of intervention. This Court recognized this consideration in

*Usery v. Brandel*, 87 F.R.D. 670 (W.D. Mich. 1980), a lawsuit brought by the Secretary of Labor

against the owner of several farms challenging a "sharecropper" arrangement between the

defendant and a number of migrant workers. Nine of those workers, who described themselves as

"independent contractors" to the defendant, sought to intervene as defendants. In granting their

motion, the court found that even though the intervenors' issues were essentially coterminous

with those of the existing defendant, their presence in the case would not be redundant:

> [T]hey will bring to the proceedings a point of view which will enrich the record in a matter which may well establish precedent and influence public policy. Their status as parties will render their appearance as witnesses and deponents more likely. The very fact that they do not raise other issues and questions will serve to minimize possible protraction of the trial. . . . Above all, the applicants have a tremendous stake in the outcome of a suit which could reshape the terms and conditions of their work lives. It is only fair that they be allowed a voice in a proceeding which holds such power over them. Under all the circumstances, therefore, the Court concludes that the applicants' participation as parties-defendant is proper and desirable, and so grants their motion for permissive intervention under Rule 24(b).

*Usery*, 87 F.R.D. at 678.

Here, Movants and their members have a tremendous stake in the outcome of a suit that

could reshape the terms and conditions of their school lives. Movants represent and advocate for

some of the most vulnerable and at-risk students in the District, whose interests, rights and safety

are effectively under attack in Plaintiffs' lawsuit. It is only fair that they be allowed a voice in a

proceeding that holds such power over those students.

### B. Movants' Motion is Timely, and Intervention Would Not Prejudice or Delay the Rights of Existing Parties.

The Sixth Circuit has articulated several factors that are to be considered in

determining timeliness: "(1) the point to which the suit has progressed; (2) the purpose for which

intervention is sought; (3) the length of time preceding the application during which the proposed

intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to

the original parties due to the proposed intervenor's failure after he knew or reasonably should

have known of his interest in the case to apply promptly for intervention and (5) the existence of

unusual or mitigating circumstances militating against or in favor of intervention." *In re*

*Telectronics Pacing Sys.*, 221 F.3d 870, 882 (6th Cir. 2000).

Intervention may be sought "at any point along the procedural continuum." *Usery*, 87

F.R.D. at 675. When intervention is requested at the earlier stages of litigation, when "less

preparatory work has been done and the configuration of issues and parties is likely still in flux,"

intervention may be granted "without much risk of prejudice or disruption." *Id.* Even as a case

moves toward trial, "intervention should not be denied if another party could be readily

assimilated into the case." *Id.* Here, Movants did not delay seeking intervention, but rather

retained counsel and filed the instant motion within weeks after learning of their interest in the

case. They seek to intervene to protect the rights and interests of their members, and not for any

improper purpose. Further, the case is in its earliest stages. Defendants' first operative responsive

pleading – their amended motion to dismiss – was filed just less than two weeks ago. Plaintiffs

have not yet responded, nor has the Court set a hearing date. In addition, in accordance with Fed.

R. Civ. P. 24(c), Movants are simultaneously filing their own proposed motion to dismiss with

this motion. Thus, Movants can readily be assimilated into the case without causing disruption or

delay, or prejudicing the rights of existing parties.

Movants have an interest in defending the policies and practices of the District

challenged by Plaintiffs. Movants are organizations dedicated to the safety and equality of LGBT

youth, including LGBT students in the District. Movants' members who are LGBT students or

the families of LGBT students have a personal stake in the need for policies like those

implemented by the District. These individuals have the most to lose, and are best poised to

articulate why the relief Plaintiffs seek would violate their legal rights. Movants seek to

intervene to ensure that voices of LGBT students in the District and their families may be fully heard and that their interests may be fully protected.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant them leave to intervene pursuant to Fed. R. Civ. P. 24(b)(1).

Date:  March 12, 2018                    Respectfully submitted,

*Applications for admission forthcoming*

Jay D. Kaplan (P38197)
Daniel S. Korobkin (P72842)
Michael J. Steinberg (P43085)
American Civil Liberties Union Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6812
jkaplan@aclumich.org
dkorobkin@aclumich.org
msteinberg@aclumich.org

John A. Knight*
American Civil Liberties Union Foundation
150 North Michigan Avenue, Suite 600
Chicago, IL 60601
(312) 201-9740
jaknight@aclu.org

Shayna Medley-Warsoff*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
smedley@aclu.org

/s/ Deborah Kovsky-Apap
Deborah Kovsky-Apap (P68258)
Matthew Lund (P48632)
Pepper Hamilton LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300
kovskyd@pepperlaw.com
lundm@pepperlaw.com
*Counsel for Proposed Defendant-Intervenors*

-7-